JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| NATIONAL ASSOCIATION OF AFRICAN-AMERICAN OWNED MEDIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMCAST CORPORATION, *et al.*, <br><br> Defendants. | CV 15-01239 TJH (MANx) <br><br><br> Order |

    The Court has considered the motions of Time Warner Cable and Comcast Corporation, National Association for the Advancement of Colored People, National Urban League, Inc., Al Sharpton, National Action Network, Inc., and Meredith Attwell Baker's to dismiss, together with the moving and opposing papers.

    Since there is no applicable federal statute governing personal jurisdiction, district courts apply the law of the state in which they sit. *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). As such, jurisdictional analysis under California law and federal due process is the same, and this Court may exercise jurisdiction under any basis allowable under the U.S. Constitution. *Yahoo! Inc.*, 433 F.3d at 1205.

Federal due process requires that the defendant have certain minimum contacts with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945). There is a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or purposefully avail himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The plaintiff bears the burden of proving the first two prongs. *Picot*, 780 F.3d at 1212. Should the plaintiff satisfy the first two prongs, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

As to the first prong, one of two tests guides the Court's jurisdictional analysis. *Picot*, 780 F.3d at 1212. For contract claims, the question is whether a defendant has purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Picot*, 780 F.3d at 1212. For tort claims, there is a three part "effects" test derived from *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (9th Cir. 1984). A defendant has purposefully directed his activities at the forum if he: (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm that the defendant knew was likely to be suffered in the forum state. *Calder*, 465 U.S. at 783.

Plaintiffs' claims sound in tort, and, thus, the "purposeful direction" test applies.

The plaintiffs have failed to plead sufficient facts to show that this Court has personal jurisdiction over defendants National Urban League, National Action Network,

the National Association for the Advancement of Colored People, Al Sharpton and Meredith Attwell Baker. As to these defendants, none of the traditional bases for personal jurisdiction have been established. Additionally, the plaintiffs have failed to show that these defendants' contacts with California establish, either, general or specific jurisdiction. These defendants are dismissed.

In considering a motion to dismiss, all material allegations in the complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009). However, a complaint must contain sufficient facts to state a "plausible" claim for relief. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035,1041 (9th Cir. 2010). A claim is facially plausible when the facts to support it allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 1949. This requires more than a possibility that the defendant has acted unlawfully. *Iqbal*, 556 U.S. at 1949. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

Accepting all of the factual allegations in the complaint as true, the plaintiffs have failed to allege any plausible claim for relief.

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉, that the motions to dismiss be, and hereby are, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

Date: August 5, 2015

_____
𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊