Name <u>Mira Hashmall (SBN 216842)</u>
Miller Barondess, LLP
Address <u>1999 Avenue of the Stars</u>
Suite 1000
City, State, Zip <u>Los Angeles, CA 90067</u>
Phone <u>310-552-4400</u>
Fax <u>310-552-8400</u>
E-Mail <u>mhashmall@millerbarondess.com</u>

[ ] FPD   [ ] Appointed   [ ] CJA   [ ] Pro Per   [X] Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

National Association of African-American Owned Media, Entertainment Studios Networks, Inc.

PLAINTIFF(S),

v.

Comcast Corporation, Time Warner Cable Inc., National Association for the Advancement of Colored People, National Urban League, Inc., Al Sharpton, National Action Network, Inc. Meredith Attwell Baker

DEFENDANT(S).

CASE NUMBER:
2:15-cv-01239-TJH-MAN

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that <u>Plaintiffs</u> hereby appeals to the
*Name of Appellant*
United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

[ ] Conviction only [F.R.Cr.P. 32(j)(1)(A)]
[ ] Conviction and Sentence
[ ] Sentence Only (18 U.S.C. 3742)
[ ] Pursuant to F.R.Cr.P. 32(j)(2)
[ ] Interlocutory Appeals
[ ] Sentence imposed:

[ ] Bail status:

### Civil Matter

[X] Order (specify): Motion to Dismiss

[ ] Judgment (specify):

[ ] Other (specify):

Imposed or Filed on _____ . Entered on the docket in this action on <u>August 5, 2015</u> .

A copy of said judgment or order is attached hereto.

<u>August 14, 2015</u>
Date

Signature
[ ] Appellant/ProSe   [X] Counsel for Appellant   [ ] Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| NATIONAL ASSOCIATION OF AFRICAN-AMERICAN OWNED MEDIA, *et al.*, <br><br>　　　　　　　Plaintiffs, <br><br>v. <br><br>COMCAST CORPORATION, *et al.*, <br><br>　　　　　　　Defendants. | CV 15-01239 TJH (MANx) <br><br><br>Order |

　　　The Court has considered the motions of Time Warner Cable and Comcast Corporation, National Association for the Advancement of Colored People, National Urban League, Inc., Al Sharpton, National Action Network, Inc., and Meredith Attwell Baker's to dismiss, together with the moving and opposing papers.

　　　Since there is no applicable federal statute governing personal jurisdiction, district courts apply the law of the state in which they sit. *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). As such, jurisdictional analysis under California law and federal due process is the same, and this Court may exercise jurisdiction under any basis allowable under the U.S. Constitution. *Yahoo! Inc.*, 433 F.3d at 1205.

Federal due process requires that the defendant have certain minimum contacts with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945). There is a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or purposefully avail himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The plaintiff bears the burden of proving the first two prongs. *Picot*, 780 F.3d at 1212. Should the plaintiff satisfy the first two prongs, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

As to the first prong, one of two tests guides the Court's jurisdictional analysis. *Picot*, 780 F.3d at 1212. For contract claims, the question is whether a defendant has purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Picot*, 780 F.3d at 1212. For tort claims, there is a three part "effects" test derived from *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (9th Cir. 1984). A defendant has purposefully directed his activities at the forum if he: (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm that the defendant knew was likely to be suffered in the forum state. *Calder*, 465 U.S. at 783.

Plaintiffs' claims sound in tort, and, thus, the "purposeful direction" test applies.

The plaintiffs have failed to plead sufficient facts to show that this Court has personal jurisdiction over defendants National Urban League, National Action Network,

Case 2:15-cv-01239-TJH-MAN   Document 42   Filed 08/05/15   Page 3 of 3   Page ID #:755

1  the National Association for the Advancement of Colored People, Al Sharpton and
2  Meredith Attwell Baker.  As to these defendants, none of the traditional bases for
3  personal jurisdiction have been established.  Additionally, the plaintiffs have failed to
4  show that these defendants' contacts with California establish, either, general or specific
5  jurisdiction.  These defendants are dismissed.

6       In considering a motion to dismiss, all material allegations in the complaint are
7  accepted as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.
8  Ed. 2d 868, 884 (2009).  However, a complaint must contain sufficient facts to state a
9  "plausible" claim for relief.  *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d
10 1035,1041 (9th Cir. 2010).  A claim is facially plausible when the facts to support it
11 allow the court to reasonably infer that the defendant is liable for the misconduct
12 alleged.  *Iqbal*, 556 U.S. at 1949.  This requires more than a possibility that the
13 defendant has acted unlawfully.  *Iqbal*, 556 U.S. at 1949.  Where a complaint pleads
14 facts that are merely consistent with a defendant's liability, it stops short of the line
15 between possibility and plausibility of entitlement to relief.  *Eclectic Props. East, LLC*
16 *v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

17       Accepting all of the factual allegations in the complaint as true, the plaintiffs have
18 failed to allege any plausible claim for relief.

20       It is Ordered, that the motions to dismiss be, and hereby are, Granted.

22 Date:  August 5, 2015

                                            _____
                                            Terry J. Hatter, Jr.
                                            Senior United States District Judge

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF AFRICAN-AMERICAN OWNED MEDIA and ENTERTAINMENT STUDIOS NETWORKS, INC.<br><br>    Plaintiff/Appellant,<br><br>vs.<br><br>COMCAST CORPORATION, TIME WARNER CABLE, INC., NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, NATIONAL URBAN LEAGUE, AL SHARPTON, NATIONAL ACTION NETWORK, INC., MEREDITH ATTWELL BAKER<br><br>    Defendants/Appellees. | NO.<br>………………………………….<br><br>2:15-cv-01239-TJH-MAN<br>(Central District of California) |

_____

### REPRESENTATION STATEMENT

The undersigned represents National Association of African-American Owned Media and Entertainment Studios Networks, Inc., plaintiffs and appellants in this matter, and no other party. Attached is a service list that shows all of the parties to the action below, and identifies their counsel by name, firm, address, telephone number, and e-mail address, where appropriate. (F.R.A.P. 12(b); Circuit Rule 3-2(b).)

Respectfully submitted,

MIRA HASHMALL

MILLER BARONDESS, LLP

264153.1

1999 Avenue of the Stars, Suite 1000

Los Angeles, California 90067

(310) 552-4400

mhashmall@millerbarondess.com

264153.1

# SERVICE LIST

Bryan A. Merryman
Rachel J. Feldman
Julian A. Lamm
Scott T. Eisen
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
*Attorneys for Defendant* TIME WARNER CABLE, INC.

Douglas Fuchs
Jesse A. Cripps
Bradley J. Hamburger
GIBSON, DUNN & CRUTCHER
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
*Attorneys for Defendants* COMCAST CORPORATION, TIME WARNER CABLE, INC., NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, NATIONAL URBAN LEAGUE, AL SHARPTON, NATIONAL ACTION NETWORK, INC., MEREDITH ATTWELL BAKER

Miguel A. Estrada
Michael R. Huston
GIBSON, DUNN & CRUTCHER
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
*Attorneys for Defendants* COMCAST CORPORATION, TIME WARNER CABLE, INC., NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, NATIONAL URBAN LEAGUE, AL SHARPTON, NATIONAL ACTION NETWORK, INC., MEREDITH ATTWELL BAKER

Peter C. Harvey
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Facsimile: (212) 236-2222
*Attorneys for Defendant* NATIONAL URBAN LEAGUE, INC.

264153.1