# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| NATIONAL ASSOCIATION OF AFRICAN-AMERICAN OWNED MEDIA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMCAST CORPORATION,<br><br>    Defendant. | CV 15-1239 TJH (MANx)<br><br>Order<br><br>JS-6 |

    The Court has considered Defendant Comcast Corporation's ["Comcast"] motion to dismiss Plaintiffs' Second Amended Complaint ["SAC"] under Fed. R. Civ. P. 12(b)(6), together with the moving and opposing papers.

    To survive a 12(b)(6) motion, a plaintiff must plead facts sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The crux of Plaintiffs' claim is that "Comcast's . . . refusal to contract with Plaintiff Entertainment Studios [Network, Inc.]" ["ESN"] was "racially discriminatory."

    In dismissing the First Amended Complaint ["FAC"], the Court clearly identified the problem: the benchmarks provided by Plaintiffs — allegedly representing demand by viewers for ESN channels — were ambiguous, and did not exclude the alternative

explanation that Comcast's refusal to contract with ESN was based on legitimate business reasons. *See Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). The Court went out of its way to suggest cures for the pleading deficiencies.

In the SAC, Plaintiffs have merely provided the Court with different opaque benchmarks. For example, Plaintiffs added the allegation that eighty million people may have *access* to ESN in all fifty states. But, similar to the viewer growth statistics in the FAC, this allegation represents potential, not actual, demand for ESN content, and thus it does not necessarily undercut the Comcast's alternative explanation. In short, not one fact added to the SAC is either antithetical to a decision not to contract with ESN for legitimate business reasons or, in itself, indicates that the decision was racially discriminatory. Accordingly, the SAC "stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be given freely "when justice so requires." Nonetheless, "[r]epeated failure to cure deficiencies by amendments previously allowed is [a] valid reason for a district court to deny a party leave to amend." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988). In the Order dismissing the FAC, Plaintiffs were warned, in no uncertain terms, that "leave to amend" would only be provided "one last time." Indeed, the Court specifically stated that "[i]f Plaintiffs file a second amended complaint with pleading deficiencies, this case will . . . be dismissed with prejudice." The deficiencies identified have not been cured.

Accordingly,

1   **It is Ordered** that Comcast's motion to dismiss be, and hereby is, **Granted**
2   with prejudice.

4   Date: October 5, 2016

_____
**Terry J. Hatter, Jr.**
Senior United States District Judge