MIGUEL A. ESTRADA, Pro Hac Vice
 mestrada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8257
Facsimile:   213.530.9616

DOUGLAS FUCHS, SBN 196371
 dfuchs@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
 jcripps@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
 bhamburger@gibsondunn.com
CYNTHIA C. MULLEN, SBN 292256
 cmullen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant
COMCAST CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF AFRICAN-AMERICAN OWNED MEDIA, a California limited liability company; and ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation,<br><br>              Plaintiffs,<br><br>       v.<br><br>COMCAST CORPORATION, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>              Defendants. | **CASE NO. 2:15-cv-01239-TJH-MAN**<br><br>**DEFENDANT COMCAST CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Terry J. Hatter, Jr. |

Except as otherwise expressly stated below, Comcast Corporation ("Comcast") denies each and every allegation contained in the Second Amended Complaint ("SAC") filed by Plaintiffs National Association of African American-Owned Media ("NAAAOM") and Entertainment Studios Networks, Inc. ("ESN").  Comcast states that the headings and sub-headings throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response.  To the extent a response is required, Comcast denies the allegations in the headings and sub-headings in the SAC. Comcast reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## INTRODUCTION

1.     With respect to paragraph 1, Comcast admits that Plaintiffs have filed this lawsuit against Comcast.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the ownership of ESN, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 1.

2.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies the allegations in paragraph 2.

3.     With respect to paragraph 3, Comcast admits that it currently is the largest cable television company in the United States and has the highest number of pay television cable subscribers in the United States.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the ownership of Black Entertainment Television, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 3.

4.      Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies the allegations in paragraph 4.

5.      With respect to paragraph 5, Comcast admits that ESN has met and spoken with Comcast executives responsible for licensing television networks between 2008 to 2015 on several occasions.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the remaining allegations in paragraph 5.

6.      With respect to paragraph 6, Comcast denies that its refusal to carry ESN's networks is unprecedented, that it does not have any legitimate business reason to exclude ESN, and that it engaged in race-based discrimination.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6, and on that basis denies the remaining allegations in paragraph 6.

7.      With respect to paragraph 7, Comcast disputes that the allegations in paragraph 7 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast admits that it has carried Inspirational Network, FitTV, Outdoor Channel, and Current TV.  Comcast denies the remaining allegations in paragraph 7.

8.      With respect to paragraph 8, Comcast disputes that the allegations in paragraph 8 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with

ESN.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the remaining allegations in paragraph 8.

9.     With respect to paragraph 9, Comcast disputes that the allegations in paragraph 9 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast denies the remaining allegations in paragraph 9.

10.     Comcast denies the allegations in paragraph 10.

11.     With respect to paragraph 11, Comcast disputes that the allegations in paragraph 11 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the carriage of ESN's networks by Comcast's competitors, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 11.

12.     With respect to paragraph 12, Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the allegations in paragraph 12.

13.     Comcast denies the allegations in paragraph 13.

14.     Comcast denies the allegations in paragraph 14.

15.     Comcast denies the allegations in paragraph 15.

16.     Comcast denies the allegations in paragraph 16.

17.     Comcast denies the allegations in paragraph 17.

# PARTIES, JURISDICTION AND VENUE

18.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies the allegations in paragraph 18.

19.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies the allegations in paragraph 19.

20.     With respect to paragraph 20, Comcast denies that ESN is being discriminated against on account of race.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations relating to NAAAOM's membership, the interests at stake in this litigation, and NAAAOM's purpose, and on that basis denies those allegations.  Comcast admits that NAAAOM only seeks injunctive relief.  The remaining allegations in paragraph 20 are conclusions of law for which no responsive pleading is required; to the extent a response is required, Comcast denies the allegations.

21.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies the allegations in paragraph 21.

22.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies the allegations in paragraph 22.

23.     With respect to paragraph 23, Comcast denies that there is a clear and obvious high market demand for ESN's programming and networks.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23, and on that basis denies the remaining allegations in paragraph 23.

24.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies the allegations in paragraph 24.

25.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies the allegations in paragraph 25.

26.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies the allegations in paragraph 26.

27.     With respect to paragraph 27, Comcast denies that it has engaged in a racially discriminatory refusal to carry ESN's networks.  To the extent Plaintiffs seek to summarize or characterize the contents of the document attached as Exhibit A to the SAC, the document is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the document attached as Exhibit A to the SAC.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 27, and on that basis denies the remaining allegations in paragraph 27.

28.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies the allegations in paragraph 28.

29.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and on that basis denies the allegations in paragraph 29.

30.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies the allegations in paragraph 30.

31.     Comcast admits the allegations in paragraph 31.

32.     With respect to paragraph 32, Comcast admits that it is a global media and technology company, but denies that it is a media giant and denies that it is has monopoly control over the cable market in several major geographic markets across the United States.  Comcast admits the remaining allegations in paragraph 32.

33.     With respect to paragraph 33, Comcast admits that it has contracted with the Black Family Channel and the Africa Channel.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33, and on that basis denies the remaining allegations in paragraph 33.

34.     Paragraph 34 contains a pleading device to which no response is required. To the extent a response is required, Comcast denies the allegations of paragraph 34.

## FACTS

35.     With respect to paragraph 35, Comcast admits that the Court has jurisdiction under 28 U.S.C. § 1331, and, for purposes of this action only, that venue is proper in this district.

36.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 regarding what a top advisor to the Chairman of the Federal Communications Commission told an ESN representative, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 36.

37.     With respect to paragraph 37, the Third Circuit's decision in *Prometheus Radio Project v. FCC* is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding that decision.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 37, and on that basis denies the remaining allegations in paragraph 37.

38.     With respect to paragraph 38, the Third Circuit's decision in *Prometheus Radio Project v. FCC* is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding

that decision.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis denies the remaining allegations in paragraph 38.

39.     With respect to paragraph 39, the Third Circuit's decision in *Prometheus Radio Project v. FCC* is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding that decision.  Comcast denies the remaining allegations in paragraph 39.

40.     Comcast denies the allegations in paragraph 40.

41.     With respect to paragraph 41, Comcast disputes that the allegations regarding Comcast's control over its cable distribution platform accurately characterize any such control, and on that basis denies Plaintiffs' characterizations and allegations regarding its control over its cable distribution platform.  Comcast denies the remaining allegations in paragraph 41.

42.     Comcast denies the allegations in paragraph 42.

43.     With respect to paragraph 43, Comcast admits that ESN sought carriage from Comcast and that Comcast and ESN had multiple meetings over multiple years with multiple Comcast officials.  Comcast denies the remaining allegations in paragraph 43.

44.     With respect to paragraph 44, Comcast disputes that the allegations in paragraph 44 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast denies the remaining allegations in paragraph 44.

45.     With respect to paragraph 45, Comcast disputes that the allegations in paragraph 45 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast denies the remaining allegations in paragraph 45.

46.     With respect to paragraph 46, Comcast disputes that the allegations in paragraph 46 accurately characterize the nature of its discussions with ESN, and on

that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast denies the remaining allegations in paragraph 46.

47.    With respect to paragraph 47, Comcast disputes that the allegations in paragraph 47 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast denies the remaining allegations in paragraph 47.

48.    With respect to paragraph 48, Comcast disputes that the allegations in paragraph 48 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 regarding the carriage of ESN's networks by Comcast's competitors, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 48.

49.    With respect to paragraph 49, Comcast disputes that the allegations in paragraph 49 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the remaining allegations in paragraph 49.

50.    Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50, and on that basis denies the allegations in paragraph 50.

51.    With respect to paragraph 51, Comcast disputes that the allegations in paragraph 51 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a

racially discriminatory refusal to contract with ESN.  Comcast admits that it has added carriage for channels since 2010, including BabyFirst Americas.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the ownership and focus of Historical Black Colleges and Universities Network, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 51.

52.   With respect to paragraph 52, Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the allegations in paragraph 52.

53.   With respect to paragraph 53, Comcast disputes that the allegations in paragraph 53 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the carriage of ESN's networks by Comcast's competitors, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 53.

54.   Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54, and on that basis denies the allegations in paragraph 54.

55.   With respect to paragraph 55, to the extent Plaintiffs seek to summarize or characterize the contents of the document attached as Exhibit B to the SAC, the document is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the document attached as Exhibit B to the SAC.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the carriage of ESN's networks by Comcast's competitors, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 55.

56.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56, and on that basis denies the allegations in paragraph 56.

57.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57, and on that basis denies the allegations in paragraph 57.

58.     With respect to paragraph 58, Comcast disputes that the allegations in paragraph 58 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the remaining allegations in paragraph 58.

59.     With respect to paragraph 59, Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding what Congress and the Courts have repeatedly signaled to the FCC over the course of decades, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 59.

60.     With respect to paragraph 60, Comcast admits that it acquired a majority stake in NBCUniversal in 2011, that the transaction required the approval of the FCC, and that ESN and others urged the FCC to impose conditions on the transaction.  To the extent Plaintiffs seek to summarize or characterize statements made to the FCC, the statements speak for themselves, and on that basis Comcast denies the allegations regarding statements made to the FCC.  Comcast denies the remaining allegations in paragraph 60.

61.     With respect to paragraph 61, Comcast admits that it entered into Memoranda of Understanding ("MOUs") with various organizations and that the MOUs were submitted to the FCC.  To the extent Plaintiffs seek to summarize or

1  characterize the content of the MOUs, the MOUs are the best evidence of what they

2  contain and they speak for themselves, and on that basis Comcast denies Plaintiffs'

3  characterizations and allegations regarding the content of the MOUs.  Comcast denies

4  the remaining allegations in paragraph 61.

5      62.    With respect to paragraph 62, Comcast admits that it entered into MOUs

6  with various organizations and that the MOUs were submitted to the FCC.  To the

7  extent Plaintiffs seek to summarize or characterize the contents of the MOUs, the

8  MOUs are the best evidence of what they contain and they speak for themselves, and

9  on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the

10  content of the MOUs.  Comcast denies the remaining allegations in paragraph 62.

11      63.    With respect to paragraph 63, Comcast admits that it entered into MOUs

12  with various organizations and that the MOUs were submitted to the FCC.  To the

13  extent Plaintiffs seek to summarize or characterize the contents of the MOUs, the

14  MOUs are the best evidence of what they contain and they speak for themselves, and

15  on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the

16  content of the MOUs.  Comcast denies the remaining allegations in paragraph 63.

17      64.    Comcast denies the allegations in paragraph 64.

18      65.    With respect to paragraph 65, Comcast admits that Al Sharpton has had

19  an on-screen television hosting position on MSNBC and that MSNBC is owned by

20  NBCUniversal, which in turn is owned by Comcast.  Comcast denies the remaining

21  allegations in paragraph 65.

22      66.    Comcast denies the allegations in paragraph 66.

23      67.    With respect to paragraph 67, Comcast admits that it entered into MOUs

24  with various organizations, that the MOUs were submitted to the FCC, that David

25  Cohen signed the MOUs, and that David Cohen was Comcast's Executive Vice

26  President and Chief Diversity Officer at the time the MOUs were signed.  To the

27  extent Plaintiffs seek to summarize or characterize the contents of the MOUs, the

28  MOUs are the best evidence of what they contain and they speak for themselves, and

1    on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the

2    content of the MOUs.  Comcast denies the remaining allegations in paragraph 67.

3          68.    With respect to paragraph 68, to the extent Plaintiffs seek to summarize or

4    characterize the contents of Annual Compliance Reports to the FCC, those reports are

5    the best evidence of what they contain and they speak for themselves, and on that basis

6    Comcast denies Plaintiffs' characterizations and regarding the content of those reports.

7    Comcast denies the remaining allegations in paragraph 68.

8          69.    Comcast denies the allegations in paragraph 69.

9          70.    Comcast admits that Meredith Attwell Baker was an FCC Commissioner,

10   that she voted to approve the transaction in which Comcast acquired a majority stake

11   in NBCUniversal in 2011, and that she accepted a position as Senior Vice President of

12   Government Affairs, NBCUniversal starting in May 2011 after she left the FCC.

13   Comcast denies the remaining allegations in paragraph 70.

14         71.    With respect to paragraph 71, Comcast admits that the FCC approved the

15   transaction in which Comcast acquired a majority stake in NBCUniversal in 2011.

16   Comcast denies the remaining allegations in paragraph 71.

17         72.    Comcast admits the allegations in paragraph 72.

18         73.    With respect to paragraph 73, Comcast admits that in 2012 it announced

19   the first two networks that it agreed to carry in connection with its commitments under

20   the MOU with African American Leadership Organizations.  Comcast denies the

21   remaining allegations in paragraph 73.

22         74.    With respect to paragraph 74, Comcast admits that Aspire was one of the

23   networks it agreed to carry in connection with its commitments under the MOU with

24   African American Leadership Organizations, and that Aspire is "spearheaded" by a

25   prominent African American retired professional athlete, Earvin Johnson.  To the

26   extent Plaintiffs seek to summarize or characterize the contents of the MOUs, the

27   MOUs are the best evidence of what they contain and they speak for themselves, and

28

1   on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the

2   content of the MOUs.  Comcast denies the remaining allegations in paragraph 74.

3       75.   With respect to paragraph 75, to the extent Plaintiffs seek to summarize or

4   characterize the contents of Aspire's alleged disclosures of its ownership structure,

5   those alleged disclosures are the best evidence of what they contain and they speak for

6   themselves, and on that basis Comcast denies Plaintiffs' characterizations and

7   allegations regarding the contents of Aspire's alleged disclosures of its ownership

8   structure.  Comcast denies the remaining allegations in paragraph 75.

9       76.   With respect to paragraph 76, to the extent Plaintiffs seek to summarize or

10  characterize the contents of the MOUs, the MOUs are the best evidence of what they

11  contain and they speak for themselves, and on that basis Comcast denies Plaintiffs'

12  characterizations and allegations regarding the content of the MOUs.  Comcast denies

13  the remaining allegations in paragraph 76.

14      77.   With respect to paragraph 77, to the extent Plaintiffs seek to summarize or

15  characterize the "reported[]" ownership of Aspire by InterMedia, any such reports are

16  the best evidence of what they contain and they speak for themselves, and on that basis

17  Comcast denies Plaintiffs' characterizations and allegations regarding the "reported[]"

18  ownership of Aspire by InterMedia.  Comcast denies the allegations in paragraph 77.

19      78.   Comcast denies the allegations in paragraph 78.

20      79.   With respect to paragraph 79, Comcast admits that Revolt was one of the

21  networks it agreed to carry in connection with its commitments under the MOU with

22  African American Leadership Organizations, that Revolt was proposed by Sean

23  "Diddy" Combs and Andy Schuon, that Payne Brown was a managing director at

24  Highbridge Principal Strategies and was Vice President of Strategic Initiatives and a

25  corporate officer at Comcast Corporation, and that Stephen Burke is Chief Executive

26  Officer of NBCUniversal and Senior Executive Vice President, Comcast Corporation,

27  and a Director of JPMorgan Chase & Co.  To the extent Plaintiffs seek to summarize

28  or characterize "published reports" of funding and investment in Revolt, those reports

are the best evidence of what they contain and they speak for themselves, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding "published reports" of funding and investment in Revolt.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the ownership of Highbridge Principal Strategies, HBRV Partners, Highbridge Capital Management, LLC, and J.P. Morgan Asset Management, and on that basis denies those allegations. Comcast denies the remaining allegations in paragraph 79.

80. With respect to paragraph 80, Comcast admits that Aspire and Revolt were the first two networks it agreed to carry in connection with its commitments under the MOU with African American Leadership Organizations.  Comcast denies the remaining allegations in paragraph 80.

81. With respect to paragraph 81, Comcast admits that BabyFirst Americas was one of the networks it agreed to carry in connection with its commitments under the MOU with Hispanic Leadership Organizations.  To the extent Plaintiffs seek to summarize or characterize the contents of the MOUs, the MOUs are the best evidence of what they contain and they speak for themselves, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the content of the MOUs. Comcast denies the remaining allegations in paragraph 81.

82. Comcast denies the allegations in paragraph 82.

83. Comcast denies the allegations in paragraph 83.

84. Comcast denies the allegations in paragraph 84.

85. Comcast denies the allegations in paragraph 85.

86. Comcast denies the allegations in paragraph 86.

87. With respect to paragraph 87, Comcast disputes that the allegations in paragraph 87 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast denies the remaining allegations in paragraph 87.

88.     With respect to paragraph 88, Comcast disputes that the allegations in paragraph 88 accurately characterize the nature of its discussions with ESN, and on that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding ESN's negotiations with Time Warner Cable, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 88.

89.     With respect to paragraph 89, Comcast denies that it discriminated against ESN, and further denies that it engaged in a pattern of institutionalized racial discrimination for decades.  Comcast admits that it has contracted with the Black Family Channel and the Africa Channel.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 89, and on that basis denies the remaining allegations in paragraph 89.

90.     Comcast denies the allegations in paragraph 90.

91.     Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91, and on that basis denies the allegations in paragraph 91.

92.     With respect to paragraph 92, to the extent Plaintiffs seek to summarize or characterize the contents of the document attached as Exhibit C to the SAC, the document is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the document attached as Exhibit C to the SAC.  Comcast denies the remaining allegations in paragraph 92.

93.     Comcast denies the allegations in paragraph 93.

94.     Comcast denies the allegations in paragraph 94.

95.     With respect to paragraph 95, Comcast admits that it has had a carriage agreement with GMC.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding GMC's efforts to sell the network, and

on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 95.

96.    With respect to paragraph 96, to the extent Plaintiffs seek to summarize or characterize the contents of the document attached as Exhibit D to the SAC, the document is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the document attached as Exhibit D to the SAC.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Black Family Channel's drafting of a lawsuit against Comcast in 2004, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 96.

97.    With respect to paragraph 97, Comcast denies that it discriminated on the basis of race in its dealings with Historically Black Colleges and Universities Network.  Comcast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97, and on that basis denies those allegations.

98.    With respect to paragraph 98, Comcast denies that its dealings with HBCU Network were discriminatory.  To the extent Plaintiffs seek to summarize or characterize the contents of the alleged writing by Curtis Symonds, that writing is the best evidence of what it contains and it speaks for itself, and on that basis Comcast denies Plaintiffs' characterizations and allegations regarding the contents of the alleged writing by Curtis Symonds.

99.    Comcast denies the allegations in paragraph 99.

100.    Comcast denies the allegations in paragraph 100.

101.    With respect to paragraph 101, Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the creation of Soul Train, Don Cornelius Productions' ownership, Don Cornelius Productions' desire to launch the Soul Train network, or the sale of the Soul Train franchise, and on that basis denies those allegations.  Comcast denies the remaining allegations in paragraph 101.

102.   With respect to paragraph 102, Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the allegations in paragraph 102.

103.   With respect to paragraph 103, Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the allegations in paragraph 103.

## FIRST CAUSE OF ACTION: VIOLATION OF CIVIL RIGHTS
## (42 U.S.C. § 1981)

104.   Comcast incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

105.   With respect to paragraph 105, Comcast denies that it has engaged in, and is engaging in, pernicious, intentional racial discrimination in contracting.  Comcast admits that 42 U.S.C. § 1981(a) contains, in part, the following words:  "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  The remaining allegations in paragraph 105 are conclusions of law for which no responsive pleading is required; to the extent a response is required, Comcast denies the allegations.

106.   With respect to paragraph 106, Comcast lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the ownership of ESN, and on that basis denies those allegations.  The remaining allegations in paragraph 106 are conclusions of law for which no responsive pleading is required; to the extent a response is required, Comcast denies the allegations.

107.   With respect to paragraph 107, Comcast disputes that the allegations in paragraph 107 accurately characterize the nature of its discussions with ESN, and on

that basis denies Plaintiffs' characterizations and allegations regarding its discussions with ESN.  Comcast denies the remaining allegations in paragraph 107.

108.   Comcast denies the allegations in paragraph 108.

109.   With respect to paragraph 109, Comcast disputes Plaintiffs' characterization of its conduct or that its conduct provides a basis for any actionable claim, and denies that it has engaged in a racially discriminatory refusal to contract with ESN.  Comcast denies the allegations in paragraph 109.

110.   Comcast denies the allegations in paragraph 110.

111.   Comcast denies the allegations in paragraph 111.

112.   Comcast denies the allegations in paragraph 112.

113.   Comcast denies the allegations in paragraph 113.

114.   Comcast denies the allegations in paragraph 114.

With respect to the prayer for relief, Comcast denies that Plaintiffs are entitled to compensatory damages, general damages, special damages, injunctive relief, punitive damages, attorneys' fees, costs, interest, and/or any other relief.

## SEPARATE AND ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Comcast asserts the following separate and additional defenses:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' SAC fails to state a claim upon which relief can be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

The First Amendment to the United States Constitution bars Plaintiffs' claims.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs lack standing under Article III of the United States Constitution.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are not members of any class protected under 42 U.S.C. § 1981.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Comcast did not act with any discriminatory purpose with respect to any interactions with Plaintiffs.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were caused by independent, intervening and/or superseding events beyond the control of Comcast and unrelated to Comcast's conduct.  Any loss, injury, or damage claimed by Plaintiffs was proximately caused by events unrelated to Comcast's alleged conduct, and/or the acts or omissions of persons or entities other than Comcast, over which Comcast has no control.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs have not sustained any injury or damage as a result of any actions allegedly taken by Comcast, and thus Plaintiffs are barred from asserting any claims against Comcast.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the grounds that the alleged damages, if any, are speculative, vague, and based on guesswork and conjecture.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to mitigate their damages.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of after-acquired evidence.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' SAC fails to allege facts sufficient to allow an award of punitive damages against Comcast.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth Amendment to the United States Constitution.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

Comcast has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. Comcast has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter. Comcast further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery, or through further legal analysis of Plaintiffs' positions in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Comcast prays as follows:

1. That Plaintiffs take nothing by the SAC;

2. That the SAC, and each and every purported claim for relief alleged in it, be dismissed with prejudice;

3. That Comcast be awarded its costs incurred, including reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Comcast demands a jury trial on all issues triable by jury.

1   DATE:  April 8, 2019                    GIBSON, DUNN & CRUTCHER LLP

2

3                                            By:    /s/ Miguel A. Estrada

4                                            MIGUEL A. ESTRADA
                                             DOUGLAS FUCHS
5                                            JESSE A. CRIPPS
                                             BRADLEY J. HAMBURGER
6
7                                            Attorneys for Defendant
                                             COMCAST CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28